WILDWOOD BOARD OF EDUCATION, APPELLANT, v. WEB-
STER BRIGHT AND CENTRAL TERRA COTTA COM-
PANY, RESPONDENT.

Submitted December 10, 1917—Decided March 4, 1918.

1. By a contract for constructing a building, the contractor agreed
   that in certain contingencies the owner might terminate the em-
   ployment, enter the premises and take possession for the pur-
   pose of completing the work of all materials thereon; the con-
   tingency happened. *Held,* that by taking possession pursuant to
   the contract, the owner acquired title to the material.
2. Under the facts of this case, the question whether building ma-
   terial had been sold under a contract of conditional sale was for
   the jury.

On appeal from the Supreme Court.

Replevin for a lot of terra cotta which had been supplied
by the Central Terra Cotta Company to the Richman Con-
struction Company and delivered on the grounds of the Wild-
wood Board of Education to be used in the construction of a
school house by the Richman Construction Company. The
school house was building under a contract between the Rich-
man company and the board of education. One of the pro-
visions was that upon being certified by the architect that the
contractor had refused or neglected to supply enough men
and material, or failed in the performance of any of the
agreements, the owner might, after three days' notice, pro-
vide the labor and materials, and if the architect should cer-
tify that such neglect was sufficient ground for such action,
the owner should be at liberty to terminate the employment
of the contractor and enter the premises and take possession
for the purpose of completing the work of all materials, tools
and appliances thereon. No question was made in the case
that the situation was such that the owner's right to take
possession had accrued. The president of the corporation
contractor testified that they had abandoned the job. A ver-
dict was directed for defendant.

For the appellant, *Lewis Starr.*

For the respondent, *Hervey F. Carr.*

The opinion of the court was delivered by

SWAYZE, J. In order that the plaintiff may maintain this action of replevin, it must show its own title to the goods in question. This depends—*first,* on the title of the Richman Construction Company under which it claims, and *second,* on the fact of a transfer of this title to the plaintiff. We find it convenient to deal with the latter question first. We entertain no doubt that at least an equitable title can be passed to take effect in future on the happening of an agreed contingency. *Brown* v. *Bateman,* 2 *L. R., C. P.* 272; 36 *L. J., C. P.* 134; *Lister* v. *Simpson,* 38 *N. J. Eq.* 438; 39 *Id.* 595. The contract does not contain formal words passing title, but it authorizes the board of education to take possession of all materials for the purpose of completing the work included under the contract. Delivery of possession is the ordinary way of passing legal title to tangible personal property. The possession is to be for the purpose of completing the work, and cannot avail for that purpose unless the material is meant to be incorporated in the building and lose its identity. We feel no difficulty in holding that whatever title the Richman Construction Company had, passed to the board of education. In fact, no question was made as to that. The defence was that the Richman Construction Company had no title to pass. The title, it is said, was conditional upon the construction company paying the terra cotta company for the goods. Under the original contract, made by correspondence, no condition was annexed to the sale. Several months later the defendant says that it refused to make delivery until satisfactory arrangements were made, and that it was agreed that the goods should be delivered on the property to the terra cotta company to be inspected by the architect on the ground, to be paid for as soon as inspected and to remain the property of the defendant until paid for. This, if established, made a contract of conditional sale. Whether it was established depended on the

credence to be given by the jury to the witnesses, and the documentary evidence. Of the documentary evidence, the most important for the present purpose is a notice of a lien claim by the terra cotta company to the board of education. In this notice the defendant states that the materials were furnished and delivered to the Richman Construction company by the terra cotta company, pursuant to the terms of the written contract entered into between them on February 5th, 1916. This is the contract by letter of which we have spoken, and contains no conditions. In this situation we think it was a jury question whether the title had passed to the construction company. It was, therefore, error to direct a verdict for the defendant, and the judgment must be reversed and the record remitted to the end that there may be a *venire de novo*.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.